UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL L. McLEAN,

       Plaintiff,                        Case No. 12-cv-10923
                                             HON. BERNARD A. FRIEDMAN
vs.                                    MAG. JUDGE MONA K. MAJZOUB

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND DENYING COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT**

**I.**     **Introduction**

      Before the Court are plaintiff's objections to Magistrate Judge Mona K. Majzoub's February 28, 2013 Report and Recommendation ("R & R") [docket entries 30 and 31]. The Commissioner filed a response [docket entry 33]. Magistrate Judge Majzoub recommended that the Court deny plaintiff's motion for summary judgment [docket entry 19] and grant the Commissioner's motion for summary judgment [docket entry 26]. Since the Court has reviewed this matter *de novo* pursuant to Fed. R. Civ. P. 72(b)(3), and finds that the magistrate judge's recitation of the underlying facts is accurate, the Court will adopt her summary of the factual record as it appears on pages 2 through 8 of the R&R.

**II.**     **Facts**

      Plaintiff seeks judicial review of the Commissioner's decision denying his claim for

-1-

Social Security Disability benefits.  Plaintiff applied for Disability Insurance Benefits on September 28, 2009 claiming disabilities resulting from, among other things, back injuries and depression as of June 15, 2008.  The Social Security Administration denied plaintiff's application for benefits and plaintiff subsequently filed a timely notice for a hearing.  On October 1, 2010, a hearing was held before an Administrative Law Judge ("ALJ"), during which plaintiff was represented by a non-attorney.  The ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Thereafter, plaintiff appealed the ALJ's unfavorable determination to the Appeals Council, which denied his request for review.  Plaintiff then filed the instant complaint for judicial review of the denial of benefits.

### III.     Standard of Review

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005) *quoting* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004).  Since the Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion."  McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) *quoting* Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001).  "The substantial

evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

## IV. Analysis

On appeal, plaintiff argues that the ALJ: 1) overlooked significant evidence in the record that corroborated plaintiff's testimony regarding the extent and severity of his physical impairments, 2) failed to discuss the opinions of plaintiff's treating psychiatrist and the weight he afforded them, 3) did not enumerate any of the relevant factors he considered in weighing the medical opinion of plaintiff's consulting psychiatrist and 4) neglected to elicit additional information from the vocational expert regarding job descriptions and limitations when formulating his Step-Five determination.

Upon reviewing the record, the Court finds that the ALJ erred by failing to provide "good reasons" for the weight he ascribed to the opinion of plaintiff's treating psychiatrist.

> "[A] decision denying benefits must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."

Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) (internal quotation and citation omitted). In the event an ALJ does not adhere to this procedural requirement "and fails to explain 'precisely how those reasons affected the weight accorded the opinions [this] denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" Yates v. Comm'r of Soc. Sec., No. 11-15028, 2013 U.S. Dist. LEXIS 33568, at *11-12 (E.D. Mich. Mar. 12, 2013) *citing* Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243

(6th Cir. 2007). This is especially the case where, as here, the ALJ did not even mention the opinion of plaintiff's treating psychiatrist, let alone, the weight he attributed to it.

Furthermore, the ALJ improperly omitted any discussion "of the relevant factors [he] considered in weighing the medical opinions" of plaintiff's consulting psychiatrist. Yates, 2013 U.S. Dist. LEXIS 33568, at *9 *citing* 20 C.F.R. § 404.1527 (discussing the factors used for evaluating medical opinion evidence). Consequently, although the consulting psychiatrist diagnosed plaintiff with "recurrent major depression with psychotic features," "chronic mental illness" and assigned him a GAF score of 40, Exh. 11F at 296, it is unclear whether the ALJ rejected this diagnosis or solely the GAF score. See id. at *8.

With respect to his Step-Five determination, the ALJ had no obligation to "conduct an independent investigation" into the vocational expert's testimony concerning job classifications and limitations. Wilson v. Comm'r of Soc. Sec., No. 10-13828, 2011 U.S. Dist. LEXIS 71395, at *16 (E.D. Mich. Jul. 1, 2011) *citing* Martin v. Comm'r of Soc. Sec., 170 F. App'x 369, 374 (6th Cir. 2006). Nor was he "bound by the Dictionary of Occupational Titles in making [his] disability determination[]," as the Social Security Regulations by no means require an ALJ to rely upon the classifications contained therein. Id. at *15 *citing* Wright v. Massanari, 321 F.3d 611, 616 (6th Cir. 2003).

Finally, the ALJ's decision to give less weight to plaintiff's testimony about his own physical impairments is supported by objective medical evidence. A consultative examination demonstrated that plaintiff possessed full range of motion in his hips, knees and ankles. Exh. 14F at 317. He did not exhibit significant difficulties sitting, standing or with manual dexterity. Id. Plaintiff also received a positive physical therapy assessment, noting that he "had good

rehabilitation potential with attainable functional improvement." Exh. 7F at 223.

Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's Report and Recommendation, dated January 28, 2013, is hereby adopted in part and rejected in part and the Commissioner's decision is remanded for further proceedings in accordance herewith.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted in part.

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment is denied.

Dated: March 29, 2013        S/ Bernard A. Friedman_____
      Detroit, Michigan        BERNARD A. FRIEDMAN
                                      SENIOR UNITED STATES DISTRICT JUDGE